JOSEPH GUINOTTE, Respondent, *v.* B. F. CHOUTEAU *et al.*, Appellants.

*Evidence—Covenant—Damages.*—In a suit upon the covenants of a deed upon a failure of title to part of the lands conveyed, a memorandum made by the grantors in the deed, showing the different tracts conveyed and the price per acre at which the lands were sold, which memorandum was by the defendants handed to the conveyancer as showing the lands sold and the consideration paid per acre therefor, is properly admitted in evidence, to show the damage sustained by the grantee.

### Appeal from Kansas Court of Common Pleas.

This was a suit upon the covenants of a deed made by the defendants to the plaintiff. The deed described seven tracts of land containing in gross $663\frac{18}{100}$ acres, and the consideration set forth was the gross sum of $8,289.75. There were two counts to the petition. The first set forth the covenants of the deed generally, and then alleged that the defendants had not title to sec. 31, T. 50 N., R. 33, containing $131\frac{40}{100}$ acres, in Kaw township, Jackson county, Mo., and for which the plaintiff had paid defendants at the rate of $12.50 per acre, amounting to $1,642.75, for which, with interest, judgment was prayed.

The second count set forth the deed, and alleged that Pierre M. Chouteau, acting for himself and the other defendants, made certain representations as to the title to the lands which were untrue, and that the defendants had not kept their covenants by them made by their deed, &c.

The defendants traversed the petition.

At the trial it appeared that the defendants, as heirs of François and Edward T. Chouteau, by deed conveyed several tracts of land, including sec. 31, T. 50 N., R. 33 W., containing in the aggregate $663\frac{18}{100}$ acres, for the consideration of $8,289.75. It also appeared that François Chouteau, the ancestor of the defendants, had in his lifetime conveyed said section 31, and that defendants had no title to convey.

To show the consideration paid for this section 31, plaintiff offered in evidence a *mem.* made by Pierre M. Chouteau, acting for himself and the other defendants, and by him delivered to the counsel who drew the deed of conveyance from defendants to the plaintiff, as follows:

*Lands sold Joseph Guinotte.*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| S.W. qr. of | sec. 33 | T. No. 50 | R. 33 | | | 160 |
| S.W. fractional qr. | " 31 | " " 50 | " 33 | | | 131 $\frac{49}{100}$ |
| W. half S.W. qr. | " 27 | " " 50 | " 33 | C.C. | 80 |
| W. half N.W. qr. | " 27 | " " 50 | " 33 | C.C. | 80 |
| Fractional qr. | " 28 | " " 50 | " 33 | | 103 $\frac{88}{100}$ |
| N.E. qr. of S.W. qr. | " 27 | " " 50 | " 33 | | 40 |
| S.E. qr. of N.W. qr. | " 27 | " " 50 | " 33 | | 40 |
| N.W. fractional qr. | " 33 | " " 50 | " 33 | B.F.C. 23½ | 53 $\frac{25}{100}$ |

$$688 \tfrac{55}{100}$$

| | | | | | |
|---|---|---|---|---|---|
| S. W. half | " 22 | " " 50 | " 33 | | 157 $\frac{13}{100}$ |
| McDaniel Gregor's farm, | | | | (B.H.) | 142 $\frac{28}{100}$ |

$$987 \tfrac{96}{100}$$
$$12\tfrac{1}{2}$$

$11,844 00
493 50
12 01

$12,349 51

On the back of which memorandum was the following endorsement:

"List of lands belonging to heirs of Francis Chouteau. Exhibit (*a*)."

The defendants duly excepted to the admission of this evidence, but the court admitted it.

It was proved that all of fractional section 31, except about ten acres, had fallen into the river Missouri, and this was all the testimony in the case.

The court which tried the case found a verdict and gave judgment for the plaintiff as follows:

"Now at this day come the parties aforesaid, by their attorneys, and the cause being submitted to the court, from the evidence the court finds that the defendants are indebted to

to the plaintiff in the sum of two thousand three hundred and thirty-one $\frac{75}{100}$ dollars.

" It is therefore considered by the court that the plaintiff have and recover of said defendants the sum so found as aforesaid, to wit: the sum of two thousand three hundred and thirty-one $\frac{75}{100}$ dollars, with interest thereon at the rate of ten per cent. per annum, as well as his costs herein expended, and that execution issue therefor."

*Thos. T. Gantt*, for appellants.

I. It was error for the court to give judgment for a sum of money and interest at ten per cent. thereon.

There is no foundation whatever in the record for a rate of interest different from six (6) per cent., and R. C. of 1855, p. 890, § 3, declares " all other judgments and orders for the payment of money shall bear six per cent. per annum until satisfaction," &c.

II. The second error apparent on the record is the admission against all of the defendants of a written memorandum made by one only of them, before the making of the deed containing the covenants sued on.

The contract was an entire one, and there was no evidence under which the court was at liberty to apportion it. The plaintiff should have treated the contract as an entire thing, and either have offered to rescind it *in toto*, or have gone into evidence by which, if the defendants preferred that course, the court could have had the means of apportioning it.

The deed is the only evidence of the contract, and there is certainly no legal presumption, or any presumption of fact, that all the land was of a uniform value. The allegation made on that point in the petition is flatly denied in the answer, and there is *no* evidence to counterbalance this denial. I do not say no *sufficient* evidence; but no evidence *at all*.

Yet the court plainly acted as if the contract was apportionable; as if the land was of uniform value; as if, in short, it plainly appeared to the triers of the fact (the court, in this

instance, a jury being waived) that the consideration for this fractional section 31 was $1,642.75.

No such thing appeared, and no such thing could appear consistently with the testimony actually adduced by the plaintiff. (Cutter v. Powell, 6. T. R. 320; Chitty on Cont. 569; see Rawle on Cov., ed. of 1852, p. 86; Morris v. Phelps, 5 Johns. 56.)

But the court committed another error on this subject. It was shown that all but ten acres of the fractional section 31 had fallen into the river, and had so fallen in prior to the sale to plaintiff. On the subject of *value* there was no evidence, except that all which remained of fractional section 31 was ten acres, on a crumbling bank of the encroaching Missouri—less than one-twelfth of the land indicated by the surveys of the United States, according to which it was described. It will hardly answer this objection to say that the land, though covered five fathoms deep with water, still belongs to the riparian owner; for, however this may be, the *value* to the individual owner is as effectually destroyed as if the fee had been divested; and we are talking of *value* and damages just now.

*Prewitt, Ryland & Son*, for respondents.

I. The cause having been tried by the court without a jury, and no exceptions saved except to the reading of the memorandum, this court will look into no other alleged errors. (27 Mo. 161, 163, 263, 264; Dozier v. Jerman, 30 Mo. 216.)

Defendants not having excepted to the construction of their deed, made by the court below, cannot now. (30 Mo. 216; 8 Mo. 224, 656; Thompson v. Russel, 30 Mo. 498; Boyse v. Crickard, 31 Mo. 530; Devlin v. Clark, 31 Mo. 22.)

II. It is not what the land was worth, but what it was sold for to plaintiff, with interest, that is the rule of damages. (23 Mo. 437.)

11—VOL. XXXIV.

The memorandum, with the testimony of Lucas, was competent to go to the jury, to show that this tract of land, of $131\frac{42}{100}$ acres was sold at $12.50 per acre. In this way only can it be ascertained how each tract was valued at the sale. The true consideration may be inquired into and shown by parol. (See Henderson v. Henderson, 13 Mo. 151; Moore v. Shattuck, 4 N. H. 229; referred to in that case, and 10 Mo. 483.)

BATES, Judge, delivered the opinion of the court.

No exception was taken to the giving of instructions for the plaintiff, and none were asked by the defendants. The bill of exceptions shows that the defendants moved the court " to set aside said judgment, and for a new trial of said cause, both of which motions were by the court overruled," and defendants excepted. The motions were not incorporated in the bill of exceptions. It is impossible to know what was decided by the court below in overruling those motions.

The objection made to the memorandum, furnished by one of the defendants to the conveyancer who drew the deed, was, that it was made before the execution and delivery of the deed, and tended to vary and contradict it, and furnished no true measure of damages. This objection was properly overruled. It being competent for the plaintiff to show what was the true consideration, it would be difficult to derive testimony more pertinent than such a memorandum. The objection that it was made by one only of the defendants comes too late in this court.

The plaintiff having, in this court, remitted the excess of interest for which judgment was given, there remains no error in the record. Judgment affirmed. The other judges concur.